1812.

ALEXANDER
et al.
*v.*
JAMESON
et al.

---

BLYTHE and another *against* JOHNS.

IN ERROR.

**E**RROR to the Common Pleas of *Franklin* county.

The plaintiff below, *Johns*, brought an action of debt on two bonds, to which the defendants pleaded *payment*, with leave to give the special matter in evidence; and *Blythe* for himself pleaded, that he was a certificated bankrupt. The plaintiff replied to this plea, that *Blythe* was not a certificated bankrupt, and that the certificate was obtained unfairly and by fraud; upon which issue was joined.

Upon the trial of the cause, the defendant, *Blythe*, having produced his certificate of conformity duly certified agreeably to the act of Congress, the plaintiff offered a witness to prove that *Blythe* had not, between the first day of *June* 1800, when the bankrupt act came into force, and the 7th of *September* 1803, the date of the commission, been a *trader* within the meaning of the act of Congress, entitled " an act to establish " an uniform system of bankruptcy throughout the *United States.*" This testimony was objected to by the defendant, but admitted by the Court, who sealed a bill of exceptions.

The exception turned upon that part of the 34th section

*Chambersburg,*
*Monday,*
Oct. 5.

The certificate of a bankrupt's conformity, is *conclusive* evidence of the trading and bankruptcy &c. in a suit between the assignees and a debtor of the bankrupt; but in a suit by a creditor against the bankrupt himself, it is but *prima facie* evidence; and under a plea that it was *unfairly* obtained, the creditor may prove that the defendant was not a trader within the meaning of the bankrupt law.

1812.

BLYTHE
*v.*
JOHNS.

of the act of Congress, which provides, that in case a bankrupt be impleaded for, or on account of the debts specified in that section, " the certificate of such bankrupt's conform-" ing, and the allowance thereof, according to the directions " of this act, shall be, and shall be allowed to be sufficient " evidence, *prima facie*, of the party's being *a bankrupt* " within the meaning of this act, and of the *commission* and " *other proceedings* precedent to the obtaining such certifi-" cate; and a verdict shall thereupon pass for the defendant," " *unless the plaintiff in such action can prove the said certifi-*" *cate was obtained unfairly and by fraud &c.*" 5 *U. S.* Laws 69.

The question was, whether it was only *prima facie* evidence of the *trading* also.

*Brown* and *J. Riddle* argued for the plaintiffs in error.

*Duncan* contra.

TILGHMAN C. J. This is an action of debt upon bond, brought by *Johns* the plaintiff below, against *Blythe* and *Nicholson. Blythe* pleaded that he had been discharged as a certificated bankrupt, under the act of Congress of the *United States*, and that the cause of action accrued previous to the time of his bankruptcy. The plaintiff replied that the certificate was unfairly obtained, and thereupon issue was joined. On the trial, the plaintiff offered evidence to prove that *Blythe* was not a trader within the meaning of the act of bankruptcy. This evidence was objected to, and admitted by the Court, to whose opinion the defendant took an exception; and the question now to be decided is, whether the certificate of the commissioners is *conclusive evidence* of the trading and bankruptcy? It is not a new question, but has been well considered and determined in other courts, though not in this.

The act of Congress, so far as concerns this point, is substantially the same as the *British* statute of 5 *Geo.* 2. c. 30, and the former bankrupt law of this state. The thirty-fourth section of the act of Congress is thus expressed. [The Chief Justice here repeated the section.] It is very evident, that when a matter is allowed to be *prima facie sufficient evidence*, it is not intended to be *con-*

*clusive* evidence. Such a construction would be a violation of the plain meaning of the words. Besides, where Congress meant the evidence to be conclusive, they have taken care to say so; for in the 56th section it is declared, that in all cases where the assignees shall prosecute any debtor of the bankrupt for any debt, the commission or a certified copy thereof, and the assignment of the commissioners of the bankrupt's estate, shall be *conclusive evidence* of the issuing of the commission, and of the person named therein being a trader and bankrupt at the time mentioned therein. The reason why the proceedings were made conclusive evidence in one case and not in the other, is very obvious. In an action against a *debtor* of the bankrupt, it was of no importance to the *debtor* to whom he paid the money, provided the debt was due. It was very proper therefore to make the proceedings of the commissioners conclusive evidence in that case. But in an action by a creditor to recover a debt due from the bankrupt, it is of the utmost consequence to enquire whether the defendant was really an object of the bankrupt law; for if he was not, the plaintiff ought not to be barred from his recovery. In such cases it was right that the proceedings of the commissioners should be *prima facie* evidence, because it saved the trouble of summoning witnesses, who might live in remote places; and some credit was reasonably due to the acts and opinions of the commissioners, who must be supposed to be impartial and respectable judges, deciding upon evidence produced to them. The burthen of proof would be thus thrown where it ought to be, upon those persons who objected to the proceedings. Let us return then to the act of Congress, by which it is expressly permitted that evidence may be given of the certificate having been *unfairly* obtained. This is the very same expression used in the *British* and in the *Pennsylvania* statute. And the meaning of that expression was brought directly before the Court of Common Pleas, in the case of *Pleasants* v. *Meng et al.*, 1 *Dall.* 380. That case was decided by Mr. President *Shippen*, who delivered a very able opinion. He held, that *unfair* was tantamount to *illegal*, because if a man had not been a trader, or had not committed an act of bankruptcy, it was *unfair* to grant him a certificate. This construction accords with the spirit of the act of Congress, be-

1812.

BLYTHE
*v.*
JOHNS.

1812.

BLYTHE
*v.*
JOHNS.

cause, when it is said, that the certificate shall be "*prima* "*facie* evidence of the party's being a bankrupt within the "meaning of the act," it must be understood that it is *prima facie* evidence of the *trading*, and all those other circumstances necessary to constitute a bankrupt. Of course, it being only *prima facie* evidence, it must be competent to the creditor who sues the bankrupt, to oppose this *prima facie* evidence, by other contradictory evidence. So that to make the whole provision in the 34th section consistent, the expression obtained *unfairly*, must be construed so as to permit the plaintiff to shew, that the person who obtained a certificate was not a trader, and consequently not a bankrupt within the meaning of the act.

I am therefore of opinion, that the Court of Common Pleas were right in admitting the evidence, and that the judgment should be affirmed.

YEATES J. I have heretofore, in the case of *Rugan et al. assignees* v. *West*, 1 *Binn.* 269., expressed my ideas pretty much at large, of the 51st section of the act of Congress of the 4th of *April* 1800, upon which the plaintiffs in error rely in this case. I shall therefore content myself with observing at present, that it became necessary by the provisions of a positive law, to declare that certified copies of the proceedings of commissioners of bankrupt, when finished and filed in the clerk's office of the District Court, "should be ad- "mitted as evidence in all courts, in like manner as the "copies of the proceedings of the said court are admitted "in other cases." At common law, they were inadmissible as against persons who were strangers to those proceedings. But there is nothing in this section, from which we can infer, that the facts set out in these proceedings are to be considered as incontrovertibly true. Like other species of evidence, they may be contradicted or explained by other proofs, or repelled by circumstances. When the legislature intend that the commission and the assignment of the commissioners of the bankrupt's estate, shall be *conclusive* evidence (in cases where the assignees shall prosecute any debtor of the bankrupt, for any debt) of the issuing the commission, and of the person named therein being a trader and bankrupt at the time mentioned therein, they say so in

precise terms. Indeed, by the very words of the 34th section, all doubt seems to be removed in this instance. " If a " bankrupt shall be arrested, his certificate of conformity " and the allowance thereof, shall be sufficient evidence, " *prima facie*, of his being a bankrupt within the meaning of " the act." The object of the legislature was to obviate the hardship to which the debtor would be subject, in procuring parol proof of his trading and conformity, in places far remote from his former residence; but not to conclude his creditors who were not parties to the proceedings. The same doctrine is uniformly asserted under the *British* statutes of bankruptcy, and by Mr. President *Shippen* in *Pleasants* v. *Meng et al.*, 1 *Dall.* 380., under the former bankrupt law of this state. So also by Judge *Washington* in the case of *M'Laws* a bankrupt, as cited in 1 *Binn.* 268, on this act of Congress, upon proof that the whole was a matter of concert between the bankrupt and his friends. I am therefore of opinion, that the testimony offered by the plaintiff below, on the trial, to prove that *Samuel Blythe* had not been a trader between the 1st of *June* 1800, and the 7th of *September* 1803, was correct and legal, and that the judgment of the Court of Common Pleas be affirmed.

BRACKENRIDGE J. A reference has been made in the argument to a case, *Assignees of West* v. *West*, tried before me at a *Nisi Prius*, *Philadelphia*, *December* 1807, in which a nonsuit was directed, on the score of the deposition of a certain *Fisher not being admitted in evidence.* The motion in bank was to set aside the nonsuit, and on the ground of the rejection of this testimony, it was set aside. The deposition was over-ruled on the ground of having been taken *in the course of proceedings before the commissioners of bankruptcy, and filed*, and not in the suit between the parties; and that it was not admissible, not having been taken on an examination between the parties, with the opportunity of a cross examination. It had no relation to the question of the trading &c., which in any case might be contested. What was laid down on these heads, was sanctioned by the Court above according to the opinion filed, which is not reported, but the substance only. So that it is not inconsistent with any thing ruled by me in that case, to concur with the opi-

1812.

BLYTHE
*v.*
JOHNS.

nion of the Court in this. On the contrary, it was ruled by me, that as between assignees and debtor the proceedings were conclusive; but as between creditor and debtor *prima facie* only. That was the case there; it is the same here.

Judgment affirmed.